UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAAS TCM INC.,

                Petitioner,

v.

CHEMICO SYSTEMS, INC.,

                Respondent.
_____/

CIVIL ACTION NO. 06-50863

DISTRICT JUDGE PAUL D. BORMAN

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION**:

      I recommend that the Court enter Judgment in favor of Haas TCM Inc., and against Chemico Systems, Inc., in the amount of $892,176.98, together with interests at the rate of $138.67 per day from and after October 19, 2006, together with the costs of this action.

**II.**     **REPORT**:

      **A.**     **Procedural History**

      Haas TCM Inc. (hereinafter "Haas") filed its Petition to Confirm Arbitration Award on September 15, 2006. Chemico Systems, Inc. (hereinafter "Chemico") appeared, by counsel, on September 28, 2006. The Petition was referred to the magistrate judge for hearing and determination on September 29, 2006. On October 4, 2006, the magistrate judge issued notice to the parties that the Petition would be brought on for hearing on October 19, 2006.

      **B.**     **Applicable Law and Standard of Review**

      The Federal Arbitration Act ("FAA"), 9 U.S.C. §1 et seq., provides for judicial enforcement of arbitration awards. The Act expresses a strong policy that arbitration awards should be confirmed, and the scope of judicial review is one of the narrowest

standards in all of American jurisprudence.  Nationwide Mutual Ins. Co. v. Home Ins. Co., 429 F.3d 640 (6th Cir. 2005).  The Act contemplates that courts will have only a limited role in reviewing arbitration awards.  Decker v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 205 F.3d 906 (6th Cir. 2000).  An arbitration award "will be binding on the parties unless they challenge the validity of the underlying contract to arbitrate under 9 U.S.C. §2 . . .  or seek to vacate, modify, or correct the award under 9 U.S.C. §§10 or 11."  Barcume v. City of Flint, 132 F.Supp. 2nd 549, 555 (E.D. Mich. 2001).  Our circuit has held that courts will not disturb an arbitrator's award on judicially created grounds unless the award was entered "in manifest disregard for the law."  Merrill Lynch v. Jaros, 70 F.3d 418, 420 (6th Cir. 2005).

The FAA provides that "[a]ny application to the court . . . shall be made and heard in the manner provided by law for the making and hearing of motions . . .."  9 U.S.C. §6. Applications under the Act are to be treated procedurally in the manner of motions.  Health Services Management Corp. v. Hughes, 975 F.2d 1253 (7th Cir. 1992).  The procedures governing motion practice in this Court are embodied in E.D. Mich. LR 7.1.

**C.**   **Factual History**

As the Petition is unrebutted, I find the following facts as asserted by the Petitioner:

Haas and Chemico were parties to a written Memorandum of Understanding ("MOU") dated February 9, 2004, in connection with a three year chemical management contract at General Motors Allison Transmission Facility in Indianapolis Indiana and Baltimore Maryland.

2

The MOU set forth the terms and conditions of the parties relationship.  Haas performed its obligations in accordance with the parties agreement.

A number of disputes arose between the parties related to the MOU and the Chemical Management Services.

On January 3, 2006, the parties entered into a arbitration agreement in which the parties agreed that all the disputes related to the MOU would be resolved "fully and finally by way of binding arbitration."[1]

The arbitration agreement further provided that the award of the arbitrator shall be binding, non-reviewable, and non-appealable, and may be entered as a final judgment in any court having jurisdiction.

An arbitrator was selected by mutual agreement of the parties, and the parties conducted discovery and were provided with the opportunity to submit prehearing briefs.

On June 29, 2006 and June 30, 2006, hearings were held at which each party was afforded a full and fair opportunity to present their respective cases.

The parties submitted post hearing briefs and, after consideration of the evidence, arguments of counsel, and memoranda, the arbitrator issued an award in favor of Haas.[2]

Pursuant to the award, Chemico is required to pay Haas the sum of $879,924.01 plus interest at the rate of $137.59 per day for each day after September 8, 2006.  In addition, Chemico is required to pay Haas the amount of $6,567.50, plus interest in the

---

[1]  A copy of the arbitration agreement was attached to the Petition as Exhibit 2.

[2]  A copy of the arbitrator's award is attached to the Petition as Exhibit 1.

3

amount of $1.08 per day for each day after September 8, 2006, because Haas advanced Chemico's share of the arbitrator's compensation and expenses.

### D.   Analysis

E.D. Mich. LR 7.1(b) provides that: "(a) respondent opposing a motion must file a response, including a brief and supporting documents then available." Despite the written appearance of counsel on its behalf, Chemico has made no response to Haas' Petition to Confirm Arbitration Award. Furthermore, no representative of Chemico appeared at the hearing. Accordingly, the facts alleged in the foregoing section may be accepted as unchallenged. The Petition sets out an adequate basis for the exercise of this Court's jurisdiction, which is also unchallenged by Chemico.

As stated in Paragraph II (B) above, the FAA reflects a strong federal policy in favor of enforcing arbitration agreements. "The Federal Arbitration Act presumes that arbitration awards will be confirmed." Essenmacher v. Orcon Exterminating Co., Inc., 2006 WL 760320 at *3. In this case Chemico has not invoked the specific, limited and strict bases for vacating or modifying an arbitration award as provided in 9 U.S.C. §§10 and 11. Nor has any basis been asserted for the application of judicially created grounds for vacating or modifying the award in this instance. The appearance of counsel on behalf of Chemico establishes that the Respondent received adequate and actual notice of the Petition. The failure to file a response brief in accordance with this Court's Local Rules warrants a finding that the Petition is unopposed. As a further indication of that fact, counsel for Haas asserted on the record that he had been contacted by an attorney representing Chemico

and informed that the Petition would not be contested.  Copies of e-mails to that effect were submitted to the magistrate judge.[3]

For all of the above reasons, I recommend that Haas TCM Inc.'s Petition to Confirm Arbitration Award be granted, and that the Court entered Judgment against Chemico Systems, Inc. and in favor of Haas TCM Inc. in the amount of $892,176.98, together with interest on the unpaid balance, in accordance with the proposed form of judgment submitted herewith.  Because the relief sought in the Petition is in the nature of a judgment on the pleadings, I have elected to address the issues by way of a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B) and (C).

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

---

[3] The attorney who authored the e-mails on behalf of Chemico was not the same counsel how filed an Appearance on Respondent's behalf.

5

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                        s/Donald A. Scheer
                                        DONALD A. SCHEER
                                        UNITED STATES MAGISTRATE JUDGE
DATED: October 23, 2006

_____

## CERTIFICATE OF SERVICE

I hereby certify on October 23, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 23, 2006.  **None.**

                                        s/Michael E. Lang
                                        Deputy Clerk to
                                        Magistrate Judge Donald A. Scheer
                                        (313) 234-5217

6